J-S58034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BREHM-LEBO ENGINEERING, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BATTLESTONE STEEL, LLC | |
| Appellant | No. 334 MDA 2016 |

Appeal from the Order Entered February 10, 2016
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 2014-02510 MLE

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JULY 28, 2016**

Appellant, Battlestone Steel, LLC ("Battlestone"), appeals from the order entered in the Cumberland County Court of Common Pleas, which denied its petition to strike/open default judgment.  On April 22, 2014, Appellee Brehm-Lebo Engineering, Inc. ("Brehm-Lebo") filed a complaint for breach of contract and *quantum meruit* alleging Battlestone failed to pay for work Brehm-Lebo performed pursuant to an oral contract between the parties in connection with a demolition project.  Battlestone subsequently filed preliminary objections, which the court overruled following argument. After Battlestone failed to answer the complaint, Brehm-Lebo filed a *praecipe* for entry of default judgment in the amount of $40,191.59, which the court entered on April 14, 2015.  On September 11, 2015, Battlestone filed a

_____

*Retired Senior Judge assigned to the Superior Court.

petition to strike/open the default judgment. Brehm-Lebo filed an answer on October 19, 2015, and the court held oral argument on November 24, 2015. On February 10, 2016, the court denied Battlestone's petition. Battlestone timely filed a notice of appeal and a voluntary concise statement of errors per Pa.R.A.P. 1925(b) on February 25, 2016. On April 11, 2016, the parties filed a joint application for relief asking this Court to vacate the order denying Battlestone's petition to strike/open the default judgment.

"Parties may by stipulation resolve questions of fact or limit the issues, and, if the stipulations do not affect the jurisdiction of the court or the due order of the business and convenience of the court, they become the law of the case." *Parsonese v. Midland Nat. Ins. Co.*, 550 Pa. 423, 426, 706 A.2d 814, 815 (1998). *See also Northbrook Life Ins. Co. v. Com.*, 597 Pa. 18, 949 A.2d 333 (2008) (explaining general rule that litigants may limit issues available for consideration by reviewing court, provided that parties cannot stipulate to matters affecting jurisdiction, business, or convenience of courts). Instantly, the parties' joint application for relief does not affect our jurisdiction or the business or convenience of this Court. *See id.*; *Parsonese, supra*. Therefore, we grant the joint application for relief and vacate the order denying Battlestone's petition to strike/open the default judgment per the parties' request, and remand for further proceedings.

Order vacated; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2016